**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CHAN PELECHU,<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | Case No. 2:26-cv-05296-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

## I.
## INTRODUCTION

On May 17, 2026, petitioner Victor Chan Pelechu, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends his prolonged detention violates his right to due process under the Fifth Amendment and that he is entitled to a bond hearing before an Immigration Judge under the Immigration and Nationality Act ("INA"). Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing.

On May 26, 2026, respondents filed an Answer to Petition ("Answer") contending petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Docket no. 9. Respondents indicate they are opposed to petitioner's release from immigration custody but recognize that he may be entitled to a bond hearing pursuant to § 1226(a) under *Maldonado Bautista*. *Id.* at 2-3. Petitioner filed a Traverse ("Traverse") on June 8, 2026. Docket no. 10.

Due to the parties' apparent agreement that petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) pursuant to *Maldonado Baustista*, the court issued an order on June 10, 2026, directing the parties to meet and confer and submit a proposed stipulation and judgment to the court. Docket no. 11. On June 24, 2026, the parties submitted a joint stipulation ("JS") that the Petition be granted in part such that petitioner be provided a bond hearing under § 1226(a) within seven days. Docket no. 12. However, the parties did not submit a proposed judgment as directed.

For the reasons discussed below, the court grants the Petition and issues a writ of habeas corpus enjoining respondents from continuing to detain petitioner unless he is provided with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order.

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without a valid visa in or around October 2017. Pet. ¶¶ 5, 9. Petitioner fled Guatemala because he had experienced repeated sexual and psychological abuse and feared continued persecution and severe bodily harm there. *Id.* ¶¶ 10-11.

After he arrived in the United States, petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal. *Id.* ¶ 12. He has primarily lived in Southern California since his arrival to the United States and has established extensive ties to the

community. *Id.* ¶ 18. Petitioner also states he has no history that demonstrates he is a danger to the community. *Id.* ¶ 19.

After arriving in the United States, petitioner had twin children with his first wife. *Id.* ¶ 14. He subsequently married his second wife, has a special-needs child with his second wife who requires extensive daily care, and currently is also expecting a newborn within about the next month. *Id.* ¶¶ 15-17.

## III.

## DISCUSSION

The parties appear to agree that petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, 813 F. Supp. 3d 1084. Answer at 2-3 (conceding petitioner "appears to be a member of the Bond Eligible Class"); Traverse at 2 (acknowledging respondents' concession that petitioner is a member of the Bond Eligible Class and requesting that the court enforce the concession and order an individualized bond hearing).

In *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127. The *Maldonado Bautista* court also later vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*,[1] finding it contrary to current law under

[1] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without

the Administrative Procedure Act. *See Bautista v. Santacruz*, 820 F. Supp. 3d 1016, 1032 (C.D. Cal. 2026), appeal filed, *sub nom. Bautista v. U.S. DHS*, No. 26-1044 (9th Cir. Feb. 23, 2026).

The declaratory relief issued by the *Maldonado Bautista* court has "the force and effect of a final judgment or decree" and respondents are legally obligated to comply with the court's order. 28 U.S.C. § 2201; *see also Herrera v. Lyons*, 2026 WL 859172, at *3 (C.D. Cal. Mar. 16, 2026) (citations omitted). Although the final judgment in *Maldonado Bautista* has been partially stayed pending appeal, the stay applies only "insofar as [it] extends beyond the Central District of California." *See Bautista*, No. 26-1044, docket no. 5 at 1 (9th Cir. Mar. 6, 2026). Therefore, the declaratory judgment remains in effect in this district.

The parties seemingly stipulate that petitioner is a member of the Bond Eligible Class in *Maldonado Bautista*; however, the relatively sparse facts before the court make it difficult to determine whether petitioner is truly a member. The only facts presented concerning petitioner's entry into the United States are that petitioner entered in October 2017 and did so without a valid visa. Pet. ¶ 9. But none of the parties' submissions indicate that petitioner would be excluded from the Bond Eligible Class, since none allege that petitioner was inspected upon entry, was apprehended upon arrival, or is subject to detention under § 1226(c), § 1225(b)(1), or § 1331. Given respondents' concession that petitioner is a member of the Bond Eligible Class and a lack of facts to suggest that petitioner is not a class member, the court accepts that petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*. *See Vasquez v. Sec'y of Homeland Sec.*, 2026 WL 1558342, at *2 (C.D. Cal. June 2, 2026) (finding that petitioner was a member of the Bond Eligible Class in light of respondents' representations to the court).

---

inspection even if apprehended within the United States and not at the border." *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

Both parties agree that, as a member of the Bond Eligible Class, petitioner is entitled to an individualized bond hearing under § 1226(a). *See* JS at 2. The court therefore grants the Petition consistent with the declaratory judgment in *Maldonado Bautista* and the parties' joint stipulation.

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition; (2) respondents: shall provide petitioner Victor Chan Pelechu (A# 216-213-943) with an individualized bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) within seven days of this order (unless a continuance of the hearing is granted at the request of petitioner); or shall release petitioner if no bond hearing is held within seven days (unless a continuance of the hearing is granted at the request of petitioner); and (3) respondents shall file a status report no later than **August 12, 2026**, regarding their compliance with this order.

Dated: July 29, 2026

SHERI PYM
United States Magistrate Judge